IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

TARA MALLORY, Individually and as
Personal Representative of the Estate of
BRENDA NOLAN, deceased;
WARREN PEMBERTON, individually; and
DEBORAH LEWIS as Guardian and Next Friend of
YELENA LEWIS, minor child,

    Plaintiff,

    v.

THE UNITED STATES OF AMERICA,

    Defendant.

## COMPLAINT TO RECOVER DAMAGES FOR WRONGFUL DEATH AND LOSS OF CONSORTIUM

1. Plaintiff Tara Mallory is a resident of Albuquerque and citizen of the State of New Mexico. Ms. Mallory is the daughter of Brenda Nolan. Ms. Mallory has been appointed as the Personal Representative of the Wrongful Death Estate of Brenda Nolan.

2. Plaintiff Warren Pemberton is a resident of Albuquerque and citizen of the State of New Mexico. Mr. Pemberton is the son of Brenda Nolan.

3. Deborah Lewis is a resident of Bernalillo and citizen of the State of New Mexico. Ms. Lewis is the sister of Brenda Lewis and the legal guardian of Yelena Lewis, minor child. At the time of Brenda Nolan's death, Ms. Nolan was the co-legal guardian of Yelena Lewis.

4. The present lawsuit involves care rendered at the Indian Health Service Hospital ("IHS") in Albuquerque, New Mexico.

5. IHS and its employees, pursuant to federal law, are entitled to the protections of the Federal Tort Claims Act, making the United States of America the lone proper Defendant in this lawsuit.

6. Plaintiffs submitted their administrative claim to the United States Department of Health and Human Services ("DHHS") on January 20, 2017.

7. Plaintiffs submitted their supplemental administrative claim to the United States DHHS on February 1, 2017.

8. By letter dated January 30, 2017, DHHS requested that Plaintiffs submit substantiating evidence.

9. Plaintiffs sent substantiating evidence on February 27, 2017; May 1, 2017; and June 23, 2017.

10. More than six months has expired since the time of submitting the supplemental administrative claim.

11. No determination has been received in writing regarding the claim; therefore Plaintiffs consider the claim denied pursuant to 45 CFR 35.2(b) and 28 U.S.C. 2675(a).

12. The events giving rise to this controversy occurred in Albuquerque, New Mexico.

13. Upon information and belief, Defendant was the employer of the physicians, nurses, technicians, staff, certified registered nurse anesthetist, and other medical providers referred to herein who provided medical care, treatment, testing and monitoring, or lack thereof, to Brenda Nolan pursuant to the ordinary scope of their employment. Defendant, as employer, is liable for any and all damages that resulted from the negligence of its employees, agents, apparent agents, or contractors under the doctrine of *Respondeat Superior*.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

15. This Court has subject matter jurisdiction over this matter under the Federal Tort Claims Act.

## FACTS RELEVANT TO ALL CLAIMS

16. In October, 2013 Brenda Nolan was fifty years old.

17. She was an enrolled tribal member.

18. She received medical care at the Indian Health Service Hospital ("IHS") in Albuquerque, NM.

19. On or about October 25, 2013, Rose A. Rowan, NP performed a PAP smear on Brenda Nolan at the IHS in Albuquerque, NM.

20. The results of the PAP smear were received by the facility on November 6, 2013.

21. On December 13, 2013, Ms. Rowan noted in Brenda Nolan's medical chart that that she would contact Ms. Nolan with abnormal result of the PAP smear. ("Pap is pos for HPV, 16 type, needs colpo. Will contact patient.").

22. Ms. Rowan failed to contact Ms. Nolan and failed to communicate the abnormal results to Ms. Nolan.

23. Ms. Nolan was not made aware of the abnormal results.

24. No follow-up testing or medical care was ordered at that time.

25. Ms. Nolan saw Shannon E. Phillips, NP on November 15, 2013 for medication refills, until she sets an appointment with her primary care physician, Dr. J. Russell Bowman.

26. Nothing was communicated to Ms. Nolan regarding the abnormal PAP results at this time.

27. Ms. Nolan saw her primary care physician, Dr. J. Russell Bowman, DO on January 14, 2014 for a follow-up visit on labs.

28. Nothing was communicated to Ms. Nolan regarding the abnormal PAP results at this time.

29. After this time, Ms. Nolan saw several medical providers at IHS – including J. Russell Bowman, DO (repeatedly); Shannon E. Phillips, NP; Amber L. Wilson, MA; Susan Stephanie Chewiwi, RN; Deborah Dominguez, Nurse Assistant; Kristy Trujillo, RN; Audrey Bautista, NP; Violet Silago, Nurse Assistant.

30. No medical provider from the IHS informed Ms. Nolan of the abnormal test results.

31. It was not until a repeat PAP smear was performed on Ms. Nolan on January 12, 2016 that Ms. Nolan learned of the abnormal PAP results from 2013.

32. A colposcopy was not performed until January 20, 2016.

33. In February, 2016 Ms. Nolan was diagnosed with Stage 4 cervical cancer.

34. Ms. Nolan passed away from the cervical cancer on September 9, 2016.

## COUNT I – NEGLIGENCE

35. Plaintiffs incorporate and adopt by reference all the facts and allegations contained in the preceding paragraphs of this Complaint.

36. Defendant and its staff were under the duty to possess and apply the knowledge and to use the skill and care ordinarily used by reasonably well-qualified hospitals, medical facilities, and medical providers practicing under similar circumstances, giving due consideration to the locality involved.

37. Defendant acting through its employees, agents, apparent agents, or contractors failed to exercise ordinary care and failed to possess and apply the knowledge and to use the skill and care ordinarily used by reasonably well-qualified healthcare providers, hospitals, and hospital-related businesses operating under similar circumstances, giving due consideration to locality involved.

38. Such acts or omissions include, but are not necessarily limited to: negligent credentialing, hiring, training, supervising, and retention of the providers by Defendant; negligence by Defendant in its lack of or deficient policies/procedures/guidelines/systems in place for communicating test results to patients and between medical providers and/or follow-up with patients; and any other manner revealed in discovery.

39. Defendant acting through its employees, agents, apparent agents, or contractors, including, but not limited to, Rose A. Rowan, NP; J. Russell Bowman, DO; Shannon E. Phillips, NP; Amber L. Wilson, MA; Susan Stephanie Chewiwi, RN; Deborah Dominguez, Nurse Assistant; Kristy Trujillo, RN; Audrey Bautista, NP; Violet Silago, Nurse Assistant; and nursing staff failed to exercise ordinary care and failed to possess and apply the knowledge and to use the skill and care ordinarily used by reasonably well-qualified healthcare providers, physicians, nurses, nurse assistants, technicians, etc., operating under similar circumstances, giving due consideration to locality involved.

40. Such acts or omissions include, but are not necessarily limited to: failing to document, recognize, investigate, evaluate, and treat Ms. Nolan's medical condition; failing to communicate test results to her and schedule appropriate follow-up care; failing to act in a manner that a reasonably prudent medical provider would have acted in similar circumstances; and any other manner revealed in discovery.

41. The negligence of Defendant was a cause of Ms. Nolan's death and Plaintiffs' damages.

## DAMAGES

42. Plaintiffs incorporate and adopt by reference all the facts and allegations contained in the preceding paragraphs of this Complaint.

43. As a direct result of the forgoing events, Brenda Nolan died. Accordingly, the Estate of Brenda Nolan is entitled to an award of damages including, but not limited to, the following specific items:

   a. The reasonable expenses of necessary medical care and treatment and funeral and burial;

   b. The pain and suffering experienced by the deceased between the time of injury and death;

   c. The value of the lost earnings and earning capacity, and the value of the lost household services of the deceased;

   d. The value of the deceased's life apart from her earning capacity;

   e. The mitigating or aggravating circumstances attending the wrongful act, neglect or default;

   f. The loss to the beneficiaries of other expected benefits that have a monetary value; and

   g. Other damages contemplated by law in amounts to be determined at trial.

44. As a direct and proximate result of the acts and omissions as detailed in the Complaint, Ms. Nolan suffered a loss of chance of survival.

45. As a direct and proximate result of the acts and omissions as detailed in this Complaint, Plaintiffs suffered emotional distress by the death of Brenda Nolan.

46. Plaintiff Tara Mallory is the surviving daughter of Brenda Nolan, deceased. Plaintiff Tara Mallory had a close social relationship with a significant relational bond that has been permanently damaged and lost as a result of the Defendant's actions. As a result of the incident made the basis of this lawsuit, Plaintiff Tara Mallory has lost love, support and

companionship of her mother for which she brings suit. Tara Mallory is entitled to damages against Defendant for loss of consortium.

47. Plaintiff Warren Pemberton is the surviving son of Brenda Nolan, deceased. Plaintiff Warren Pemberton had a close social relationship with a significant relational bond that has been permanently damaged and lost as a result of the Defendant's actions. As a result of the incident made the basis of this lawsuit, Plaintiff Warren Pemberton has lost love, support and companionship of his mother for which he brings suit. Warren Pemberton is entitled to damages against Defendant for loss of consortium.

48. Yelena Lewis, minor child, is the surviving niece of Brenda Nolan, deceased. Brenda Nolan was her co-legal guardian since infancy. Plaintiff Yelena Lewis had a close social relationship with a significant relational bond that has been permanently damaged and lost as a result of the Defendant's actions. As a result of the incident made the basis of this lawsuit, Plaintiff Yelena Lewis has lost love, support and companionship of her guardian for which she brings suit. Yelena Lewis is entitled to damages against Defendant for loss of consortium.

**WHEREFORE**, Plaintiffs pray the Court find in their favor against Defendant, in an amount sufficient to compensate for all damages and injuries suffered, for all costs, fees, and other relief deemed just and proper.

Respectfully Submitted:

**TOUCHET LAW FIRM, P.C.**

By: **/s/ *Maria E. Touchet***, Attorney at Law
Maria E. Touchet
117 Richmond Dr. SE, Ste. A
Albuquerque, NM 87106
Telephone: 505-200-0590
Facsimile: 505-717-2835
mia@touchetlaw.com

-and-

        Rachel E. Higgins
        Mary L. Higgins
        Law Offices of Rachel E. Higgins
        509 Roma Ave NW
        Albuquerque, NM 7102-2124
        Phone:  (505) 247-9339
        Fax:      (505) 246-2668

        **Attorneys for Plaintiffs**